UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHRISTOPHER BECK, 3:18-cv-1600-JR

                Plaintiff,

                ORDER

    v.

MICHAEL N. GUTZLER, WASHINGTON
COUNTY JAIL,

                Defendants.

RUSSO, Magistrate Judge:

Pro se plaintiff, Christopher Beck, brings this action asserting defendant Michael Gutzler "committed fraudulent practices." Complaint (#1) at p. 4. On September 17, 2018, the court granted plaintiff's application to proceed *in forma pauperis* (IFP).

The court should dismiss, at the earliest practical time, certain IFP actions that fail to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)

Page 1 - ORDER

(in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir.1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

Plaintiff asserts diversity jurisdiction in his complaint. Complaint (#2) at p.3. However, plaintiff also alleges he is an Oregon citizen and defendants Gutzler and Washington County Jail are also citizens of Oregon. Accordingly, jurisdiction cannot be based on diversity. See 28 U.S.C. § 1332 (federal courts have original jurisdiction in civil actions where amount in controversy exceeds $75,000 and the action lies between citizens of different states).

Construing the complaint liberally, it cannot be determined if plaintiff has alleged a cognizable claim upon which to assert federal question jurisdiction. See 28 U.S.C. § 1331 (federal courts have original jurisdiction of all civil actions arising under the Constitution and laws of the United States). Plaintiff alleges a contract between he and Gutzler is void and that Gutzler committed certain acts of professional malpractice and ethical violations during litigation between plaintiff and Washington County Jail resulting in "withholding of compensations paid by [Washington County] at that time accumulated to my demand for relief sums of $500,000.00 from his office's capital." Complaint (#1) at p. 4. Plaintiff appears to allege state law claims for negligence, malpractice, conversion, or similar torts. Such claims are insufficient to demonstrate federal question jurisdiction.

There are no allegations with respect to defendant Washington County Jail, but to the extent plaintiff alleges a concerted effort to violate his constitutional rights, the complaint is lacking. Typically, a plaintiff seeking to vindicate their constitutional rights does so via 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States; and second, the alleged deprivation was committed or caused by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, plaintiff not only fails to allege what constitutional provision or federal law was violated, but he also fails to identify any acts committed under color of law by Washington County.

In addition, the complaint fails to allege any action taken under color of law by Gutzler since he is a private citizen.[1] While it is clear that private individuals are not state actors, such individuals can be liable for civil rights violations under section 1983 if they have conspired, or engaged in joint activity with state actors. Briscoe v. LaHue, 460 U.S. 325, 330 n. 7 (1983); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Joint action with a state official can be found only if it is shown that the private individual acted in "wilful collaboration" with a state actor to deprive the plaintiff of a federal right. Bacquie v. City of New York, 2000 WL 1051904 *1 (S.D.N.Y. 2000).

Moreover, stating a section 1983 conspiracy claim against a private individual requires more than pleading simply that the defendant "conspired" with state actors. Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002). Rather, plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pacicca v. Stead, 456 Fed.Appx. 9, 12

---

[1] Lawyers in private practice generally do not act under color of state law when they represent parties in court proceedings. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977).

Page 3 - ORDER

(2d Cir. 2011).

To the extent plaintiff asserts his underlying action against Washington County Jail involved any constitutional claims that were wrongly decided, this court also lacks jurisdiction to hear such claims. Under the Rooker–Feldman doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. Feldman, 460 U.S. at 483 n. 16; Rooker, 263 U.S. at 415–16. Moreover, to the extent the state court proceedings are ongoing, policy dictates against this court interfering. The United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1971) and its progeny, espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. The notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. at 44. Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights. Because the complaint lacks sufficient allegations demonstrating jurisdiction, the complaint must be dismissed for failure to allege subject matter jurisdiction.

Finally, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Fed. R. Civ. P. 8(a)(2) requires a complaint contain "a short and plain

statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). Moreover, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions-which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted-and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft , 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. As noted, the complaint fails to identify a specific civil cause of action or to allege facts demonstrating entitlement to relief based on any cause of action over which this court has jurisdiction. Accordingly, the complaint must be dismissed for failure to state a claim for relief.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992). Plaintiff is allowed 14 days from the date of this order to file a complaint that complies with the requirements of Fed. R. Civ. P. 8(a) and otherwise demonstrates subject matter jurisdiction if possible.

The failure to file an amended complaint as ordered will result in the dismissal of this action.

## CONCLUSION

The complaint is dismissed with leave to file an amended complaint within 14 days from the

Page 5 - ORDER

date of this order.

DATED this 26th day of September 2018.

                                    /s/ Jolie A. Russo
                                JOLIE A. RUSSO
                                United States Magistrate Judge